NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIR LAWRENCE DAVIS, an individual, | No. 22-16802 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01086-SRB |
| v. | |
| WAG LABS, INC., named as Wag! Labs Incorporated, a Delaware corporation; DAVID CANE, an individual; J.D. KEMPER, spouse, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted November 9, 2023[**]
Phoenix, Arizona

Before: SCHROEDER, COLLINS, and DESAI, Circuit Judges.

Sir Lawrence Davis applied for a "Senior Policy Manager" position at Wag!

Labs, Inc. ("Wag"), but David Cane, the hiring manager at Wag, declined Davis's

application, and Wag instead ultimately hired Chris Gibson. Davis alleges that

Cane retaliated against him at Wag because, when Davis and Cane previously

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

worked together at Uber Technologies, Inc. ("Uber"), Davis had filed a complaint against Cane alleging race and sex discrimination and retaliation. Based on the rejection of his application to work at Wag, Davis filed this action against Wag and Cane ("Defendants"),[1] asserting retaliation claims under Title VII and 42 U.S.C. § 1981. The district court granted summary judgment against Davis, who has timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1001 (9th Cir. 2019), we affirm.

We evaluate Davis's Title VII and § 1981 retaliation claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008). "Under this framework, the plaintiff first must establish a prima facie case of discrimination or retaliation." *Id*. "If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory or retaliatory conduct." *Id*. at 1106. If the employer carries that burden, "the presumption of discrimination drops out of the picture," and the plaintiff must offer evidence, sufficient to defeat summary judgment, that "the employer's proffered

[1] Davis named Cane's spouse, J.D. Kemper, as an additional defendant "only for community property purposes."

2

nondiscriminatory reason is merely a pretext for discrimination." *Id*. (citations omitted).

"To establish a prima facie case of retaliation, a plaintiff must prove (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell*, 518 F.3d at 1108. Even assuming *arguendo* that Davis established a prima facie case of retaliation, we conclude that Defendants have carried their resulting burden to present a "legitimate, non-retaliatory reason" for their decision not to hire Davis. *Id*. Specifically, Defendants asserted that Davis lacked the desired qualifications and experience for the Senior Policy Manager role at Wag; that Cane had personal knowledge of Davis's performance deficiencies and limited responsibilities when Cane indirectly supervised Davis at Uber; and that Gibson had superior qualifications to Davis. These "proffered legitimate, nondiscriminatory reasons for [Defendants'] action are sufficient." *See Opara v. Yellen*, 57 F.4th 709, 726 (9th Cir. 2023); *id*. at 723 ("This burden is one of production, not persuasion and involves no credibility assessment." (simplified)).

To prove pretext, a plaintiff must point to evidence "either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." *Lindahl v. Air France*, 930 F.2d 1434, 1437–38 (9th Cir. 1991). The plaintiff may also rely on "a combination of these two kinds of evidence."

*Opara*, 57 F.4th at 723 (simplified).

Pointing to Cane's testimony that he was offended by Davis's complaint against him at Uber, Davis argues that he has presented direct evidence of Cane's retaliatory motive. We reject this contention. "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001) (simplified). In the context of a retaliation claim, that means evidence showing, without "inference or presumption," that the adverse action "was linked" to the protected activity. *Id.* The cited comment from Cane's deposition states only that Cane had been offended, as "a Black man," by Davis's claim at Uber that Cane had discriminated against him because he was Black. (Davis, Cane, and Gibson are all Black men.) While this comment must be considered together with all of the circumstantial evidence that Davis has offered, it does not constitute *direct* evidence that, without inference, Cane acted with a retaliatory motive when he later made the decision to reject Davis's application for the Senior Policy Manager position at Wag.

Considered as a whole, the circumstantial evidence in the summary judgment record is insufficient to create a triable issue as to whether Defendants' proffered reasons were pretextual. In particular, the following points confirm Davis's failure to create a triable issue of pretext:

4

- Davis concedes that Cane was aware of some of Davis's perceived performance issues when both were at Uber. Davis also admits that, after Cane left Uber, Davis was ultimately terminated from Uber; that Cane had no involvement in that termination decision; and that Cane was aware of that termination when he rejected Davis's application.[2]

- The Wag "Senior Policy Manager" job position's written description called for a person, *inter alia*, who could "develop, document, and manage processes from scratch," who could work with various "teams" to integrate various guidelines into company operations, and who had the "communications skills" needed to develop "relationships with functional leaders and key stakeholders across the company." Cane had personal knowledge of Davis's job responsibilities at Uber, which Davis admits did not entail any supervisory duties. Although Davis disputes Cane's characterization of Davis's position at Uber as an "entry level role," Davis has presented no evidence that would support a reasonable inference that his job duties at Uber included the sorts of higher-level managerial and

---

[2] Although Davis contends that Cane's knowledge of his termination from Uber should have been disregarded as based on hearsay, the issue is whether Cane *believed* that Davis had been terminated and acted based on that understanding, not whether the particular information that he received was in fact true. Any such statements that Cane believed were therefore not offered for the truth of the matter and were not hearsay. *See* FED. R. EVID. 801(c)(2).

5

interpersonal duties described in the Wag job announcement. Davis also concedes that "he lacked experience in supervising or management." By contrast, Gibson had had a managerial role that was two levels above Davis at Uber, and Cane had managed Gibson at Uber and was aware of his duties there.

- It is also undisputed that Cane recognized that Davis's resume incorrectly represented that Davis had served on a particular task force until December 2019, when in fact Davis had been removed from that task force almost seven months earlier.

Given these points, we conclude that, even construing in Davis's favor the other circumstantial evidence concerning Cane's and Wag's motivations, no reasonable jury could conclude that Defendants' proffered qualifications-based grounds for rejecting Davis's application were pretextual. Davis emphasizes that the job posting listed a college degree in a "related field" as a requirement and that Gibson lacked such a degree. But Davis's "general studies" degree was not in a "related field," and, in any event, that degree could not reasonably be thought to offset all of the other negative points concerning Davis of which Cane was aware. Here, the undisputed evidence concerning Davis's and Gibson's respective qualifications for the advertised job position do not permit a reasonable inference that Defendants rejected an equally or better qualified candidate based on

retaliatory motives. *Cf. Shelley v. Geren*, 666 F.3d 599, 610 (9th Cir. 2012) ("Evidence of a plaintiff's superior qualifications, standing alone, may be sufficient to prove pretext.").

Accordingly, we affirm the district court's grant of summary judgment rejecting Davis's claims.

**AFFIRMED.**